IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2009

## STATE OF TENNESSEE v. GARY CRAWFORD

**Appeal from the Criminal Court for Shelby County**
**No. 07-07604     James M. Lammey, Jr., Judge**

_____

### No. W2008-02578-CCA-R3-CD  - Filed October 2, 2009
_____

The Defendant, Gary Crawford, was indicted for one count of first degree murder and three counts of attempted first degree murder. Following a jury trial, he was convicted of one count of criminally negligent homicide, a Class E felony, and three counts of reckless endangerment, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-13-212(b), -103(b). The trial court sentenced the Defendant as a Range I, standard offender to two years for his conviction for criminally negligent homicide and eleven months and twenty-nine days for each reckless endangerment conviction. The trial court ordered the Defendant to serve each of these sentences consecutively to one another, for a total effective sentence of four years, eleven months, and twenty-six days in the Department of Correction. In this direct appeal, the Defendant contends that the trial court erred in ordering consecutive sentences. After our review, we vacate the order of the trial court ordering consecutive sentences and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed in Part;**
**Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Claiborne H. Ferguson, Memphis, Tennessee, for the appellant, Gary Crawford.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; William L. Gibbons, District Attorney General; and Paul Hagerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The events underlying this case occurred on the night of June 3, 2007. On that evening, a number of students and adults attended an end-of-school party at the James Lounge in Memphis. Because of concerns about gang activity, party organizers banned the wearing of bandanas or the display of gang signs. Taken in the light most favorable to the State, the evidence at trial established that the Defendant and his two co-defendants entered the James Lounge some time after the party began. All three wore bandanas. Some time later, a gang-related altercation occurred on the dance floor between members of two gangs, one from the Binghampton area and the other from the Mitchell Heights area. The Defendant was a member of the former.

The Defendant was ejected from the party at about 11:45 p.m. He and his co-defendants walked across the street and sat on a car. The party ended at about 12:15 a.m., at which time the crowd of partygoers exited the James Lounge. This crowd contained some members of the Mitchell Heights group, who threatened the Defendant and his co-defendants and demanded that they leave. The Defendant and one of his co-defendants, armed with pistols, then fired thirty to forty shots in the direction of the crowd. These shots killed one victim and injured three others.

The Defendant was convicted of one count of criminally negligent homicide and three counts of reckless endangerment. He now appeals.

**Analysis**

The Defendant's sole contention on appeal is that the trial court erred in ordering him to serve his sentences consecutively. On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the

defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

The presentence report in this case indicates that, at the time of sentencing, the Defendant was a seventeen-year-old male with no prior convictions. He attended high school until eighth grade, after which he dropped out. The Defendant reported good mental and physical health. He also reported that he consumed alcohol once when he was fifteen and began smoking marijuana every other day at that age. He reported no employment history.

Tennessee Code Annotated section 40-35-115 outlines the findings a trial court must make in order to impose consecutive sentences. The trial court imposed consecutive sentences on the Defendant based on its finding that he is "a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). In doing so, the trial court made the following statement:

> Well, I believe, in this instance, consecutive sentencing is warranted. I believe that the circumstances surrounding the commission of this offense are especially aggravated. From the proof that I saw – I mean, it's like if you go – if you have a guilty plea to something less, the court can go behind the guilty plea and look at the actual facts to determine what, in the interest of justice, should be done. And that's what I'm doing here. I'm looking at the facts as I saw them. I guess it doesn't matter whether I know or don't know why the jury arrived at their verdict; I know that they did. But I know that I also disagreed with that verdict, and I can't stress it any better than that.
>
> What they did was extremely aggravated, in my opinion, and I think that the – and to find – and I find that they are both dangerous offenders, and the reason why is based upon not any previous – but based upon what I saw and what they did on the night in question here. Anyone that does this, regardless of whether they're even charged, is a dangerous, dangerous person. And I believe that their behavior indicated little or no regard for human life. I believe that the taking of this young man's life and the pure terror that they did that night, and then going back and bragging about it somewhere – I forget – some community center – I think that shows a gross disregard for human life. And I believe that although I do agree with the state in one respect, that this is just not enough time, this is what I'm limited to.
>
> But they are – in no way, am I ever going to agree that these people are not dangerous offenders. And I believe that the aggregate length is going to have to do. It's not enough, but it's going to have to be because that's all I can impose.
>
> Someone that goes out and plans a trap like they did, and then unleashes on a crowd of innocent people, is a dangerous offender whose behavior indicates little

or no regard for human life. So, therefore, I'm going to order that the sentence of two years and eleven months and twenty-nine days on each of the reckless endangerments be run consecutively for a total of two years – almost five years – five years minus three days.

Four years, eleven months, twenty-six days.

Our supreme court has held that "the imposition of consecutive sentences on an offender found to be a dangerous offender requires, in addition to the application of general principles of sentencing, the finding that an extended sentence is necessary to protect the public against further criminal conduct by the defendant and that the consecutive sentences must reasonably relate to the severity of the offenses committed." State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

We conclude that the record supports the trial court's finding that the Defendant indicated little or no regard for human life, because he fired a gun into a crowd. We also conclude that the record supports the trial court's finding that the Defendant did not hesitate to commit a crime in which the risk to human life was high. We must agree with the Defendant, however, that the trial court did not address the additional Wilkerson requirements and failed to make the requisite Wilkerson findings. We therefore remand this case to the trial court for consideration of whether an extended sentence is necessary to protect the public against further criminal conduct by the Defendant and whether his consecutive sentences reasonably relate to the severity of the offenses committed.

**Conclusion**

Based on the foregoing authorities and reasoning, we vacate the trial court's order directing that all sentences be served consecutively. We remand for further sentencing proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE